JEAN ERNEST NAEGELI, EXECUTOR, ETC., OF JEAN C. NAEGELI, DECEASED, PLAINTIFFS, v. SILK CITY EXCHANGE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

### Decided May 10, 1926.

**Contracts—Sale of Goods at Auction—Conditions of Sale Specifically Stated That There was no Guarantee as to Quality or Condition, That All Sales Were Made as Stock was Seen, and was Not to be Set Aside for Error in Description—Defendant Sought Relief From Bid Because of Breach of Guarantee as to Quality or Condition—This is in Express Contradiction of Written Terms Which Cannot be Contradicted by Parol Evidence.**

On action at law.

For the plaintiffs, *George W. Flaacke.*

For the defendant, *Addison P. Rosenkrans.*

The opinion of the court was delivered by

NEWMAN, J. This case is presently before the court on the transcript of the pleadings for trial and the stipulation of counsel made in open court, as follows:

"It is stipulated, first, that the defendant's counter-claim is withdrawn and abandoned; secondly, that the defendant signed immediately after the sale an acknowledgment of purchase, and thirdly, that if upon considering defendant's brief, with its offer of proof therein contained, the court should be of the opinion that defendant's defense is inadmissible in the circumstances of the case, the court may direct the entry of judgment for the amount of the check as evidenced by the transcript, with interest from the date and costs."

It is conceded by the defendant that if the evidence which it seeks to offer is excluded it has no defense. I am of the

opinion that the evidence which it seeks to offer is not admissible. The check in suit, and upon which payment was stopped, represents a portion of the purchase price of looms upon which it was the successful bidder at an auction, and defendant alleges that it stopped payment thereon because of alleged fraudulent representations of the auctioneer as to the quality and condition of the looms.

It is conceded that the defendant, upon the goods being struck off to it, signed an acceptance of said bid embodying the conditions of sale set forth in the transcript. The important portions of those conditions are as follows:

"In every sale the stock sold is just what is found on the premises and every lot is sold as exhibited, without any guarantee as to the quality or condition.

"The sale of an article will not be set aside because of an error in description, and no allowance will be made on account of condition or quality."

Upon the defendant signing the acknowledgment of said bid embodying the conditions, the sale thereupon became evidenced by what was equivalent to a written contract between the parties.

The defendant seeks to be relieved from the bid because there was a breach of guaranty or warranty as to quality or condition. The conditions expressly provide that the goods sold were without any guarantee as to quality or condition, and that no allowance will be made on account of condition or quality. These provisions of the conditions are in express contradiction of the terms which the defendant seeks to show, and it seems to be settled in this state that parol evidence is not admissible to contradict the expressed terms of a written contract. *Naumberg* v. *Young*, 44 *N. J. L.* 331; *Crowley* v. *Homan Co.*, 3 *N. J. Mis. R.* 968; *Banton* v. *Stanley Automobile Agency*, 4 *Id.* 325, and cases cited in those cases.

The enforcement of this rule sometimes works a hardship, but the wisdom of its enforcement has been demonstrated and sanctioned by years of judicial approbation.

Holding as I do that the proffered evidence is inadmissible, pursuant to the terms of the above stipulation, judgment should be entered for the plaintiff for the sum of $3,000, with interest, from April 20th, 1925.